IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:23-cv-0659 |
| | ) | |
| vs. | ) | District Judge Robert J. Colville |
| | ) | |
| NIAGARA BOTTLING, LLC, et al., | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER OF COURT</u>

Currently pending before the Court is the Report and Recommendation (ECF No. 61) filed by the Honorable Patricia L. Dodge in the above-captioned matter.  Judge Dodge's May 23, 2024 Report and Recommendation recommends that the Court grant the uncontested Motion for Leave to Amend Amended Complaint (ECF No. 54) filed by Plaintiff in this matter.  The Report and Recommendation further recommends that this action be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania pursuant to 28 U.S.C. § 1447(e) because the substitution of one of the "John Doe" defendants will defeat diversity jurisdiction.  Objections to the Report and Recommendation were due by June 6, 2024.  No objections were filed, and the Court considers this matter to be ripe for disposition.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law.  28 U.S.C. §

1

636(b)(1)(A); Fed. R. Civ. P. 72(a).  "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo."  *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).  A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law.  *Id*.  "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'"  *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3).  The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id.*  Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as

'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon consideration of Judge Dodge's May 23, 2024 Report and Recommendation, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees entirely with the thorough and well-reasoned analysis set forth in Judge Dodge's Report and Recommendation (ECF No. 61), and the Court accepts and adopts Judge Dodge's Report and Recommendation in its entirety as the opinion of the Court with respect to Plaintiff's Motion for Leave to Amend Amended Complaint (ECF No. 54).  It is hereby further ORDERED that Plaintiff's Motion is granted.   This matter is hereby remanded to the Court of Common Pleas of Allegheny County forthwith.   The Clerk of Court shall mark this case as CLOSED.  While the Court will terminate the pending Motion to Dismiss (ECF No. 48) raising timeliness issues on this Court's personal docket, the Court agrees with Judge Dodge that the issues raised therein are preserved and remain for the state court to decide following remand.

BY THE COURT:

/s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: October 15, 2024

cc/ecf:

All counsel of record